IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                  Petitioner,                       ORDER

        v.                              08-cv-388-bbc

MICHAEL THURMER, Warden,
TERALYN SELL, Crisis Worker,
CAPT. O'DONOVAN, GARY ANKARLO,
Psychologist, Ph.D, JAMES DREER, Director
of Bureau of Health Services and
C. GRISDALE, Psychologist, Ph.D

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Terrance Edwards, a prisoner at the Waupun Correctional Institution, has requested leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in this action.  On July 14, 2008, I assessed petitioner a $1.49 initial partial payment of the $350 filing fee. The payment was to be made on or before July 30, 2008.  On July 23, 2008, plaintiff paid 84 cents of his initial partial payment.

      Now plaintiff has submitted a letter stating that it will be impossible for him to pay the remaining 65 cents of his initial partial payment.  He says that he is in segregation and will have no income while he is there.  He says that even if he begins receiving pay at the rate of $4 every two weeks after he gets out of segregation, the state will take this pay to cover

his other debts and obligations.

Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Petitioner's immediate lack of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In <u>Newlin v. Helman</u>, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, petitioner had deposits to his account in the last five months totaling $37.20. From these deposits, I calculated petitioner's initial partial payment as $1.49. Section 1915 does not grant courts discretion to reduce or waive an initial partial payment, even if the prisoner says he is unable to pay it. Moreover, I am fully cognizant, that each

deposit petitioner has received to his account in the past five months was debited against the numerous filing fees he owes in this and other courts.  However, initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts.  <u>Walker v. O'Brien</u>, 216 F.3d 626, 628 (7th Cir. 2000)(initial partial payments are to "come off the top" of all deposits to prisoner's account).  Thus, the fact that petitioner owes money in other cases does not prevent him from utilizing a new deposit to make the $.65 payment he still owes for his initial partial payment in this case.

It may well be that petitioner will not be able to pay the $.65 payment he has been assessed within the time directed below.  If that turns out to be the case, I will consider that petitioner has withdrawn this action and he will not owe a filing fee.  In that event, if, at some future time, petitioner is able to make an initial partial payment or enough time elapses that a six month trust fund account statement would show that he has no means to make an initial partial payment, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that petitioner shall pay the $.65 remaining on his initial partial payment of the $350 fee for filing this case.  He is to submit a check or money order made payable to the clerk of court in the amount of $.65 on or before August 22, 2008.  If, by August 22, 2008, petitioner fails to make the initial partial payment, he will be held to have withdrawn this action voluntarily.  In that event, the clerk of court is directed to close this

file without prejudice to petitioner's filing his case at a later date.

Entered this 4th day of August, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge