IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                     Petitioner,                           OPINION and ORDER

      v.                                               08-cv-388-bbc

MICHAEL THURMER, Warden,
TERALYN SELL, Crisis Worker,
CAPT. O'DONOVAN, GARY ANKARLO,
Psychologist, Ph.D, JAMES DREER,
Director of Bureau of Health Services,
C. GRISDALE, Psychologist, Ph.D,
RICK RAEMISCH, Secretary of the Wisconsin
Department of Corrections,
CITY OF WAUPUN - "MAYOR", and
DODGE COUNTY BOARD OF SUPERVISORS,[1]

                     Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Terrance Edwards has filed a motion for reconsideration from the September 24, 2008 order dismissing his complaint with prejudice. Dkt. #20. Although

---

[1] In petitioner's original complaint, he names fewer defendants. However, before the court could screen his complaint, petitioner filed a motion to amend his complaint and attached a complete proposed amended complaint, dkt. #16, which will be treated as the operative pleading in this case. I have amended the caption accordingly.

1

petitioner cites Fed. R. Civ. P. 60(b) as the basis for requesting reconsideration of the dismissal, he contends that I dismissed his case in error. Petitioner's motion is properly construed as a timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (Rule 59(e) motion is permissible when there has been a manifest error of law or fact; Rule 60(b) provides an extraordinary remedy granted only in exceptional circumstances.).

In his complaint, petitioner alleged that defendants violated his Eighth Amendment rights by failing to protect him from his cellmate after he warned them that he was hearing voices that told him to kill his cellmate and by giving him poison that caused the pigmentation in his skin to dissolve. In an order entered September 24, 2008, I dismissed petitioner's claims, concluding that he failed to state a claim upon which relief may be granted under either of these theories.

Petitioner contends that it was error to dismiss his claim that defendants violated his Eighth Amendment rights by putting him in a cell with another inmate. For the most part, petitioner simply rehashes his allegations and argues that the countless conclusory statements found in his complaint suffice to state a claim for deliberate indifference. However, it is not petitioner's say-so that determines whether the facts he describes suffice to state an Eighth Amendment claim; it is the law. Petitioner has no claim under the law. His conclusory statements that he "states a claim" do not change this conclusion.

2

In addition, petitioner disagrees with my conclusion that he may not bring an Eighth Amendment claim for posing a danger to his cellmate, arguing that he was also a danger to himself. Such examples of such "danger" to himself include the risk that he could have killed his cellmate and the fact that he refused to eat. As I told petitioner in the order dismissing his claims, he cannot prevail on an Eighth Amendment claim for harm caused by his own manipulative or impulsive behavior. Petitioner takes issue with my conclusion that his behavior was "manipulative" and therefore unprotected. However, I see no way to read petitioner's complaint without reaching this conclusion: after petitioner reported his voices twice, he was punished for threatening his cellmate; in response to this punishment, he refused to eat; when he was told he would be sent to a nicer place if he started eating again, he agreed to eat; when he was placed back in his cell, he attacked and injured an inmate. More to the point, petitioner points to what he believes to be *the* solution to his problems: single celling. It is hard to see this complaint as anything other than a request for special benefits. Unfortunately for petitioner, his dangerousness to other prisoners does not translate into constitutionally protected benefits.

Finally, petitioner suggests he should be allowed to proceed on an Eighth Amendment claim because his *cellmate* was exposed to a risk of harm. However, petitioner has no standing to bring a claim for violations of his cellmate's constitutional rights.

Because I am not persuaded that it was error to dismiss petitioner's complaint for

3

failure to state a claim upon which relief may be granted, petitioner's motion to alter or amend the judgment will be denied.

ORDER

IT IS ORDERED that petitioner Terrance L. Edwards's motion to alter or amend the judgment, dkt. #22, is DENIED.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge