IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE EDWARDS,

                Petitioner,                              ORDER

        v.                                                08-cv-388-bbc

MICHAEL THURMER, Warden,
TERALYN SELL, Crisis Worker,
CAPT. O'DONOVAN, GARY ANKARLO,
Psychologist, Ph.D, JAMES DREER,
Director of Bureau of Health Services,
C. GRISDALE, Psychologist, Ph.D,
RICK RAEMISCH, Secretary of the Wisconsin
Department of Corrections,
CITY OF WAUPUN - "MAYOR", and
DODGE COUNTY BOARD OF SUPERVISORS,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated September 24, 2008, I denied petitioner Terrance Edwards's request for leave to proceed in forma pauperis on his claims that the defendants violated his Eighth Amendment rights by placing him in a cell with a cellmate and by poisoning him. I concluded that he had failed to state a claim upon which relief may be granted. Judgment of dismissal was entered the same day. In an order dated October 22, 2008, I denied petitioner's motion to alter or amend the judgment, dkt. #22. Now petitioner has filed a

1

notice of appeal and a request for leave to proceed in forma pauperis on appeal.

Petitioner's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act.  This means that this court must determine first whether petitioner's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith.  Petitioner does not have three strikes against him.  However, in Hains v. Washington, 131 F.3d 1248 (1997), the court of appeals suggested ordinarily that when a district court dismisses an action under 28 U.S.C. § 1915 for failure to state a claim, it should not find good faith for an appeal except in rare circumstances, which the district court is to articulate in allowing the appeal to go forward.  There are no exceptional circumstances in this case.  Therefore, I must certify that petitioner's appeal is not taken in good faith.

Because I am certifying petitioner's appeal as not having been taken in good faith, petitioner cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Pursuant to Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.  Petitioner should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to

pay all of the filing fee by a set deadline. If petitioner fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from petitioner's prison account.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that petitioner's appeal is not taken in good faith.

Entered this 23rd day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3